UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY FROESE,

   Petitioner,

              Case No. 1:02-cv-377
v.              Hon. David W. McKeague

MICHIGAN DEPARTMENT OF
CORRECTIONS AND MICHIGAN
PAROLE BOARD,

   Respondents.

              /

## REPORT AND RECOMMENDATION

Petitioner, a former prisoner of the Michigan Department of Corrections (MDOC), has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

## Background

Following a jury trial, petitioner was convicted of assault with intent to commit great bodily harm less than murder, MCL 750.84, and sentenced to two to ten years' imprisonment on June 6, 1999. Petition at 2. MDOC records indicate petitioner was discharged on April 13, 2004. *See* MDOC website at www.state.mi.us/mdoc.[2]

---

[1] Although petitioner has been released by the MDOC, he was in the custody at the time he filed his petition. Accordingly, the court has jurisdiction over his suit. *See Sanders v. Freeman*, 221 F.3d 846, 851 (6th Cir. 2000). Because petitioner may suffer collateral consequences from his felony conviction, his release from custody did not render his suit moot. *See Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998) ("[i]n recent decades, we have been willing to presume that a wrongful criminal conviction has continuing collateral consequences").

[2] The court can take judicial notice of documents contained in the public record and reports of administrative bodies. *See New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501-02 (6th Cir. 2003); *Menominee Indian Tribe of Wisconsin v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998). Accordingly, the court can take judicial notice of the state prison system's website tracing a prisoner's whereabouts within the system. *See Morris v. Velasco*, No. 03 C 2613, 2003 WL 21397742 at

Petitioner raised the following issues in his direct appeal to the Michigan Court of

Appeals:

    I.     As a matter of law, did the evidence adduced at trial fail to establish the necessary intent to support a conviction of assault with intent to do great bodily harm less than murder, and did the circuit court thereby err reversibly in denying [petitioner's] motion for a directed verdict of acquittal on this charge?

    II.    Did the circuit court err reversibly by not striking the entire testimony of witness Van Hooren when he was caught delivering perjured testimony at the trial in this cause?

    III.   Did the circuit court err reversibly by not granting a new trial on the ground that the prosecution's wrongful filing of a supplemental information prejudiced [petitioner's] chance to negotiate a reasonable plea bargain?

The Michigan Court of Appeals affirmed petitioner's conviction.   *People v. Kelly*

*Dean Froese, a/k/a Kelly Weeks*, No. 221028 (Mich. App. Dec. 19, 2000) (per curiam).

Petitioner filed a pro se application for leave to appeal to the Michigan Supreme

Court, which raised the following issue:

    I.     Whether the Court of Appeals erred, creating a manifest injustice, in concluding that there was sufficient evidence to convict [petitioner] of great bodily harm less than the crime of murder and in particular due to facts adduced during trial?

The Michigan Supreme Court denied petitioner's application for leave to appeal.  *People v. Kelly*

*Dean Froese, a/k/a Kelly Weeks*, No. 118480 (Mich. June 26, 2001).

---

*3 fn. 1 (N.D. Ill. June 16, 2003) (taking judicial notice of prisoner's criminal history from publicly-accessible internet website maintained by the Illinois Department of Corrections); *Ligon v. Doghtery*, 208 F. Supp. 2d 384, 386 (S.D. N.Y. 2002) (taking judicial notice of prisoner's transfer within New York state correctional facility as posted on the internet website maintained by the New York State Department of Correctional Services).

In his habeas corpus petition, petitioner states a single issue as grounds for habeas

relief:

I.       Whether [petitioner] is entitled to the writ of habeas corpus when the
         application of *Jackson v. Virginia* was so arbitrary, unsupported and,
         or offensive to the Supreme Court dictates that the decision made by
         the Michigan Court of Appeals falls outside the realm of plausible
         credible outcomes?

## Discussion

### I.       Standard of review under 28 U.S.C. § 2254

Petitioner seeks relief under 28 U.S.C. §2254, which provides that "a district judge

shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant

to the judgment of a State court only on the ground that he is in custody in violation of the

Constitution or laws or treaties of the United States."   Before petitioner may seek such relief in

federal court, however, he must first fairly present the substance of his claims to all available state

courts, thereby exhausting all state remedies.  *Picard v. Connor*, 404 U.S. 270, 277-78 (1981);

*Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir.

1994); *see* 28 U.S.C. §2254(b)(1)(A).  In the present case, petitioner has exhausted his state remedies

with respect to his habeas claim.

Where the state court has adjudicated a claim on its merits, the federal district court's

habeas corpus review is limited by the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), which provides in pertinent part that:

> An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted
> with respect to any claim that was adjudicated on the merits in State
> court proceedings unless the adjudication–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In *Williams v. Taylor*, 529 U.S. 362, 405 (2000), the Supreme Court interpreted 28 U.S.C. § 2254(d)(1) as creating a distinction between decisions that are "contrary to" and those that involve an "unreasonable application of" clearly established Supreme Court precedent.  *Johnson v. Bell*, 344 F.3d 567, (6th Cir. 2003).

> A state court decision is "contrary to" Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." [*Williams*, 529 U.S. at 405].  A state court decision is also "contrary to" Supreme Court precedent if the state court "applies a rule that contradicts the governing law set forth" in that precedent. *Id.*

*Id.*  An "unreasonable application" of clearly established Supreme Court precedent occurs  "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.*, *quoting Williams*, 529 U.S. at 407.  An unreasonable application of law is not, according to the Supreme Court, merely incorrect; rather, "that application must also be unreasonable." *Magana v. Hofbauer*, 263 F.3d 542, 546-47 (6th Cir. 2001) (*quoting Williams*, 529 U.S. at 411).

Finally, a determination of a factual issue by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1).  This presumption applies to factual findings made by a state appellate court.

*Sumner v. Mata*, 449 U.S. 539, 546-47 (1981).  A habeas petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence that the state court's determination was erroneous.  28 U.S.C. § 2254(e)(1).

### II.    Petitioner's claim

Petitioner contends that his conviction is not supported by sufficient evidence.  Under *Jackson v. Virginia*, 443 U.S. 307 (1979), evidence supports a conviction if "after viewing the evidence in light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Id.* at 319 (emphasis added).  The reviewing court must presume that the trier of fact resolved conflicting inferences of fact in favor of the prosecution, and must defer to that resolution.  *Wright v. West*, 505 U.S. 277, 296-97 (1992).

The Michigan Court of Appeals addressed the sufficiency of the evidence as follows:

Defendant contends that there was insufficient evidence to sustain his conviction of intent to do great bodily harm. We disagree. In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the prosecutor and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v. Wolfe*, 440 Mich. 508, 515; 489 NW2d 748, amended 441 Mich. 1201 (1992).

The elements of assault with intent to do great bodily harm less than murder are: 1) an attempt or offer with force or violence to do corporal hurt to another, 2) with an intent to do great bodily harm less than murder. *People v. Pena*, 224 Mich.App 650, 659; 569 NW2d 871 (1997), mod on other grounds, 457 Mich. 885 (1998). Defendant's argument focuses on the intent element.

Assault with intent to commit great bodily harm is a specific intent crime. *People v. Parcha*, 227 Mich.App 236; 239; 575 NW2d 316 (1997). Intent may be inferred from circumstantial evidence, including a defendant's conduct or words. *People v. Eggleston*, 149 Mich.App 665, 668; 386 NW2d 637 (1986); *People v. Mack*, 112 Mich.App 605, 611; 317 NW2d 190 (1981). What distinguishes assault with intent to do great bodily harm from simple misdemeanor assault or aggravated assault "is the actor's intended result." *People v. Van Diver*, 80 Mich.App 352, 356; 263 NW2d 370 (1977). Intent to do great bodily harm is intent to do serious injury

of an aggravated nature. *People v. Mitchell*, 149 Mich.App 36, 39; 385 NW2d 717 (1986).

We have said that the use of a weapon or the infliction of serious injury is evidence of intent. *See Parcha, supra*; *People v. Lugo*, 214 Mich.App 699, 711; 542 NW2d 921 (1995); *People v. Harrington*, 194 Mich.App 424, 429- 430; 487 NW2d 479 (1992); *People v. Buckner*, 144 Mich.App 691, 697; 375 NW2d 794 (1985). However, the use of a weapon is not required. *Van Diver, supra* at 356. Nor is physical harm an essential element. *Harrington, supra* at 430.

Viewing the evidence in a light most favorable to the prosecution, there is sufficient evidence to sustain defendant's conviction. An eyewitness described the altercation between defendant and Troy VanHooren as a beating rather than a mutual fistfight. Defendant approached VanHooren and apparently landed a first blow that dazed VanHooren. [FN1] VanHooren had no recollection of the assault; he last remembered replacing a weight, and then finding himself in the restroom, having been escorted there by others. After defendant struck him, VanHooren fell to the ground. Defendant straddled VanHooren on the floor and punched him several times in the head. Defendant got up and was heard to say: "Next time it will be your life." Defendant [sic] was apparently unable to resist defendant's blows.

The possibility of serious injury existed in this case. Defendant was a body builder, and it is reasonable to conclude that continuous blows to the face could inflict great bodily harm. VanHooren's injuries included a closed head injury, which can be life-threatening; lacerations on his face and ear, which required stitches; bruises; and a black eye. Furthermore, the fact that VanHooren may have provoked defendant does not mitigate the assault to a lesser charge. *Mitchell, supra* at 39. The court did not err in refusing to grant defendant's motion for directed verdict or for a new trial.

FN1. Witnesses did not testify to any provocation by VanHooren. Defendant testified that the complainant made eye contact with him, so defendant approached; defendant then testified that the complainant "chest bumped" him, but other witnesses observed no such contact.

*People v. Kelly Dean Froese, a/k/a Kelly Weeks*, No. 221028 (Mich. App. Dec. 19, 2000), slip op.

at 1-2.

Petitioner contends that the intent element of the crime as defined under Michigan

law has not been satisfied in this case because he did not have the ability to offer corporal harm to

the victim, since he did not possess a gun, or a knife or kick with a foot.  Petition at 14-20. In his

"Traverse" and "Motion for evidentiary hearing," petitioner states that "[t]here has not been one

reported decision where a criminal defendant has been convicted of [MCL 750.84] based on a fist

fight alone."[3]   In summary, petitioner seeks to have this court reverse the Michigan Court of

Appeals' application of the state criminal statute, find that he did not have the requisite intent under

the statute, and grant his habeas petition due to insufficient evidence of intent to commit great bodily

harm.

Petitioner's contention is without merit.  The statute at issue in this case, the

Michigan criminal statute of assault with intent to commit great bodily harm less than murder,

provides as follows: "Any person who shall assault another with intent to do great bodily harm, less

than the crime of murder, shall be guilty of a felony punishable by imprisonment in the state prison

not more than 10 years, or by fine of not more than 5,000 dollars."   MCL 750.84.

---

[3] Petitioner cites *Patterson v. New York*, 432 U.S. 197, 215 (1977) for the proposition that a federal constitutional issue exists on "whether the ingredient in question [i.e., intent as defined by the Michigan Court of Appeals] is in fact an element of the criminal offense." Petition at 13-14.  Petitioner's reliance on *Patterson* is misplaced. Petitioner's claim is one for  insufficiency of the evidence.  *Patterson*, however, involved the allocation of the burden of production in a murder trial. *See Jackson*, 443 U.S. 313.  Specifically "the constitutionality under the Fourteenth Amendment's Due Process Clause of burdening the defendant in a New York State murder trial with proving the affirmative defense of extreme emotional disturbance as defined by New York law" for the purpose of reducing the crime of second-degree murder to manslaughter. *Patterson*, 432 U.S. at 198.   The Supreme Court affirmed Patterson's conviction, concluding that the affirmative defense of extreme emotional disturbance did not negate any facts of the crime which the state had to prove in order to convict the defendant (i.e., death, intent to kill and causation). *Id.* at 205.  Rather, the affirmative defense was a separate issue on which the defendant was required to carry the burden of persuasion.  *Id.* at 197, 206-07.   *See, generally, Takacs v. Engle*, 768 F.2d 122, 126 (6th Cir.  1985) (*Patterson* provides a rule "that a defendant may be required to prove an affirmative defense which goes only to excuse or mitigation and does not negate an element of the offense").  The statute at issue, MCL 750.84, neither burdens a defendant with demonstrating a mitigating factor nor creates a presumption of an existence of a fact essential to the conviction.  In short, nothing in the operation of this statute violates petitioner's due process rights as discussed in *Patterson*.

The Michigan Court of Appeals properly evaluated the sufficiency of the evidence in finding that  the evidence supported the conviction of assault with intent to commit great bodily harm less than murder as required under *Jackson*, 443 U.S. 307.  *See People v. Kelly Dean Froese, a/k/a Kelly Weeks*, No. 221028.  In reaching its decision, the Michigan Court of Appeals relied on state law precedent in determining the elements of the crime.  *Id.*  While petitioner contends that under Michigan law, assault with intent to commit great bodily harm does  not include an assault with bare hands, the Michigan Court of Appeals decided otherwise in his case.  *Id.*  Specifically, the court found that "the use of a weapon is not required" to prove the requisite intent of MCL 750.84, explaining that "[w]hat distinguishes assault with intent to do great bodily harm from simple misdemeanor assault or aggravated assault 'is the actor's intended result,'" *Id.* at 1-2, *quoting Van Diver*, 80 Mich.App at   356.[4]  The Michigan Court of Appeals relied on the circumstances of petitioner's case to determine that he intended to commit great bodily harm less than murder: that petitioner was a bodybuilder; that he landed the first blow; that he repeatedly hit the victim's face; that he straddled the victim and punched the victim several times in the head; that the victim suffered a closed head injury, lacerations to his face and ear, bruises and a black eye; and that an eyewitness

---

[4] In reaching this determination, the appellate court relied on its opinion in *Van Diver*, in which it concluded that "[b]are hands are sufficient" to commit a number of statutory assaults under Michigan law, including MCL 750.81 (assault and simple assault), MCL 750.81a (assault and infliction of serious injury), MCL 750.83(assault with intent to commit murder) and petitioner's crime, MCL 750.84 (assault with intent to do great bodily harm less than murder).  *Van Diver*, 80 Mich. App. at 356. The court stated that "[n]one of these four statutes require that the actor perpetrate the assault with a dangerous weapon." *Id.*  The court further explained that a "bare hand" could not be construed as a "dangerous weapon" for a felonious assault under a fifth assault statute, MCL 750.82, which provides that "a person who assaults another person with a gun, revolver, pistol, knife, iron bar, club, brass knuckles, or other dangerous weapon without intending to commit murder or to inflict great bodily harm less than murder is guilty of a felony." *Id.*  However, this definition of a "dangerous weapon" is inapplicable to petitioner, because he was not convicted under MCL 750.82.

described the altercation as a beating rather than a mutual fistfight. *People v. Kelly Dean Froese, a/k/a Kelly Weeks*, No. 221028, slip op. at 1-2. at 1-2.

The United States Supreme Court "repeatedly has held that the state courts are the ultimate expositors of state law" in federal habeas proceedings. *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). *See also, Miller v. Leapley*, 34 F.3d 582, 585 (8th Cir. 1994) ("[t]he essential elements of a state crime are defined by state law"); *Cox v. Maxwell*, 366 F.2d 765, 767 (6th Cir. 1966) ("[i]t is within the province of a state to define crimes and to fix the punishment therefor"). A sufficiency of the evidence claim "does not invite federal habeas courts to engage in a substantive analysis of state statutory terms" or "transform[] federal habeas courts into super-appellate state courts." *Ponnapula v. Spitzer*, 297 F.3d 172, 182 (2nd Cir. 2002). Here, the Michigan state courts have construed the elements of MCL 750.84 and concluded that petitioner possessed the requisite intent to uphold a conviction under that statute. It is not for this court to act as a "super-appellate state court" and to perform a substantive analysis of the statutory terms as set forth in MCL 750.84.

Viewed in the light most favorable to the prosecution, a rational trier of fact could have found petitioner guilty of the offense beyond a reasonable doubt. The Michigan Court of Appeals' resolution of the issue was neither contrary to, or an unreasonable application of, clearly established Federal law as determined by the Supreme Court; nor was the decision based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). Accordingly, petitioner is not entitled to habeas relief on this claim.

## **Recommendation**

I respectfully recommend that petitioner's habeas petition be DENIED. Rule 8, Rules

Governing § 2254 Cases in the United States District Courts.


Dated:     April 25, 2005              /s/  Hugh W. Brenneman, Jr.
                                       Hugh W. Brenneman, Jr.
                                       U.S. Magistrate Judge


ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).