UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY FROESE,

        Petitioner,

vs.

MICHIGAN DEPARTMENT OF
CORRECTIONS and
MICHIGAN PAROLE BOARD,

        Respondents.
        _____/

Case No. 1:02-cv-377

Hon. Wendell A. Miles

## **ORDER**

The court denied petitioner's writ of habeas corpus on May 23, 2005. This matter is now before the court on petitioner's motion for reconsideration (docket no. 33) and "motion for oral examination of facts" (docket no. 36). In his motions, petitioner asks this court to grant him an oral argument and to reverse his conviction. The court will consider this motion as one for reconsideration of the court's order adopting the magistrate judge's report and recommendation and denying petitioner's petition for habeas corpus.[1]

The court will review petitioner's motion for reconsideration under our local rule, which provides:

---

[1] The magistrate judge issued a report and recommendation on April 25, 2005 (docket no. 27). Petitioner's copy was returned to the court as undeliverable on April 29, 2005 (docket no. 28). The court adopted the magistrate judge's report and recommendation on May 23, 2005 and denied the petition (docket no. 29). This order was returned as undeliverable on June 6, 2005 (docket no. 30). Petitioner advised the court of his change of address on June 20, 2005 (docket no. 31). In a letter dated July 5, 2005, petitioner stated that he changed addresses two years prior to that date (docket no. 32). Petitioner's failure to advise the court of his current address constituted grounds to dismiss his petition for want of prosecution. *See* W.D. Mich. LCivR 41.1. Nevertheless, the court proceeded to rule on the petition.

> Generally, and without restricting the discretion of the Court, motions for reconsideration which merely present the same issues ruled upon by the Court shall not be granted. The movant shall not only demonstrate a palpable defect by which the Court and the parties have been mislead, but also show that a different disposition of the case must result from the correction thereof.

W.D. Mich. LCivR 7.4(a). A defect is palpable if it is easily perceptible, plain, obvious, readily visible, noticeable, patent, distinct or manifest. *See Compuware Corp. v. Serena Software International, Inc.*, 77 F. Supp.2d 816, 819 (E.D. Mich. 1999).[2]

The magistrate judge and this court have performed an exhaustive review of petitioner's claims. While petitioner's motion for reconsideration expresses disagreement with this court's denial of his petition for writ of habeas corpus, he has failed to demonstrate a palpable defect in the court's order adopting the report and recommendation and denying his petition for habeas relief. Accordingly, petitioner's motions for reconsideration and for oral argument (docket nos. 33 and 36) are **DENIED**.

**IT IS SO ORDERED.**


Date: November 22, 2005                          /s/ Wendell A. Miles
                                                 Wendell A. Miles
                                                 Senior U.S. District Judge

---

[2] While a district court's local rules do not confer procedural rights on the litigants, "they are judicial rules of self-governance that aid the district courts in handling the docket in an effective and efficient manner." *Compuware Corp.*, 77 F. Supp.2d 816 at 819. *See also Valassis Communications, Inc. v. Aetna Casualty & Surety Co.*, 97 F.3d 870, 873 (6th Cir. 1996).